## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CHRIS BEITLER, on behalf of himself and
all others similarly situated,

      Plaintiff,                         CASE NO.:

v.

THE SESSIONS FIRM, LLC,

      Defendant.

_____/

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.      COMES NOW the Plaintiff, Chris Beitler, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and alleges Defendant, The Sessions Firm, LLC., ("Sessions"), engaged in a uniform pattern and practice, the purpose of which was to collect an unlawful debt in stark violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and 28 U.S.C. § 1367.

3.      The alleged violations described in the Complaint occurred while Plaintiff was in West Palm Beach, Florida.

## PARTIES

4.     Plaintiff is a natural person, and citizen of the State of Florida, residing in West Palm Beach, Florida, and is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute § 559.55(8).

5.     Defendant, The Sessions Firm, LLC, is a Limited Liability Company with its principal place of business in New Orleans, Louisiana, and conducts business in the State of Florida and other states, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6) and Florida Statute § 559.55(7).

## FACTUAL ALLEGATIONS

6.     Plaintiff is an "alleged debtor."

7.     The alleged debt arose out of a credit card transaction with Credit One Bank, a corporation which was formed in Nevada with its principal place of business at 585 Pilot Road, Las Vegas, NV 89119, and related to a Credit One Bank credit card account that was primarily used for Mr. Beitler's personal, family, or household purposes.

8.     The Defendant Sessions has filed counterclaims to collect debts on behalf of Credit One Bank and other creditors.

9.     Sessions has filed counterclaims in other Credit One Bank and other Creditor cases, and regularly files counterclaims to collect debts.

10.     The Defendant is in the business of filing counterclaims and collecting debts.

11.     The Sessions Firm are third party debt collectors pursuant to the FDCPA.

12.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and Florida Statute § 559.55(6) as it relates to Plaintiff's

credit card account that was primarily used for Mr. Beitler's personal, family, or household purposes.

13.     On December 29, 2016, Plaintiff filed a lawsuit against Credit One Bank in the Southern District of Florida asserting violations under the TCPA and FCCPA.

14.     Nearly one month later, by letter dated January 19, 2017, Plaintiff was notified that his credit card account with Credit One Bank, ending in 0413, with a balance in the amount of $991.00 was sold on or about January 17, 2017, and all rights thereunder assigned to a new owner, LVNV Funding, LLC.  (Attached hereto as Exhibit A)

15.     Despite selling and assigning all of their rights to the amounts due on the credit card account, four months later, on May 18, 2017, Credit One Bank, by and through The Sessions Firm, LLC, filed a Counter-Claim against Plaintiff in AAA Case No. 01-17-0001-4954, in an effort to collect the same $991.00 alleged debt that was previously sold and assigned to a new owner. (hereinafter referred to as "the Counter-Claim").

16.     The Counter-Claim filed by The Sessions Firm seeks to collect an alleged debt when Defendants knew Plaintiff no longer owed any money to Credit One Bank as the debt was previously assigned, sold and Credit One Bank has no further rights to the debt or to enforce the debt.

17.     Furthermore, Defendant seeks to collect an alleged debt that Sessions knows is not owed by Plaintiff, as the amount is based on unlawfully incurred fees and interest.

18.     Upon information and belief, Sessions routinely files Counter-Claims similar to that filed against Plaintiff with the sole purpose of harassing alleged debtors like Plaintiff into paying debts they do not owe, and for other improper purposes.

3

19.     Further, the Counter-Claim brought by Sessions subjected Plaintiff to litigation unlawfully and unnecessarily, which caused significant stress, embarrassment, anxiety, and emotional distress.

20.     The Counter-Claim was filed as a form of harassment and to leverage a settlement in Plaintiff's original lawsuit against Credit One Bank that was defended by Sessions.

21.     All conditions precedent to bringing this action have been satisfied.

## COUNT I

### Violation of the FDCPA by The Sessions Firm, LLC

22.     Plaintiff incorporates Paragraphs one (1) through twenty-one (21).

23.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 et seq.

24.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692d(5) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692e(2)(A) by using false, deceptive, or misleading representation or means to collect a debt, namely through the false representation of the character, amount, or legal status of the alleged debt.

26.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692f(1) by using unfair and unconscionable means to collect or attempt to collect any debt.

27.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect a debt or obtain information about a consumer.

4

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT II

### Violation of the FCCPA by The Sessions Firm, LLC

28.     Plaintiff incorporates Paragraphs one (1) through twenty-one (21).

29.     At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

30.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

31.     Defendant violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knew that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

32.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## CLASS ALLEGATIONS

33.    Plaintiff restates each of the allegations in all other paragraphs as if fully stated herein.

34.    Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

35.    In this case, Plaintiff seeks to certify classes and sub-classes, subject to amendment, as follows:

36.    The Proposed Class consists of:

(1) All persons in the United States (2) against whom the Defendant has filed a claim or counterclaim in any legal proceeding (3) where the rights to the alleged claim or counterclaim were sold and/or assigned either prior to asserting the counterclaim, or after the counterclaim was asserted and where Defendant continued to pursue the claim after such sale and/or assignment, (4) within 2 years of the date of filing this complaint.

37.     Excluded from the Proposed Class are any persons that have already been released as part of a prior release or judgment.

38.     Defendant has caused the Class actual harm, not only because the Class was subjected to the aggravation that necessarily accompanies responding to a lawsuit, but also because said class members incur legal fees and costs in defending such claims.

39.    Plaintiff seeks to represent and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and any claims for personal injury, wrongful death and/or emotional distress.

40.     Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and national scope of Defendant's business, Plaintiff reasonably believes that the class members' number at a minimum is in the thousands based upon the number of cases in which Defendant is involved in court and in arbitral proceedings.

41.     Plaintiff and all members of the Class have been harmed by Defendant's actions.

42.     This Class Action Complaint seeks money damages and injunctive relief.

43.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

44.     The disposition of the claims in a class action will provide substantial benefits to both the parties and the Court in avoiding a multiplicity of identical suits, and will avoid conflicting or inconsistent results or judgments with respect to identical transactions, parties and causes of action. The class can be easily identified through records maintained by Defendant.

45.     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

a)     Whether Defendant engaged in a pattern of pursuing claims after the alleged claim was sold or assigned to a third party;

b)     Whether Defendant's conduct was knowing, willful, or malicious;

c)     Whether Defendant's actions violated the FDCPA;

d)     Whether Defendant's actions violated the FCCPA;

e)     Whether injunctive relief is appropriate; and,

f)     The amount of damages to which Plaintiff and the class are entitled.

46.     As a person against whom Defendant asserted a claim which had been previously sold and assigned, Plaintiff asserts claims that are typical of the members of the Class.

47.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

48.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the FDCPA and FCCPA.

49.     A class action is the superior method for the fair and efficient adjudication of this controversy.

50.     Class-wide relief is essential to compel Defendant to comply with the FDCPA and FCCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of these statutes are small relative to the time, effort, and resources necessary to maintain an individual action.

51.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the liability of the Defendant can be readily ascertained from the records in the Defendant's possession.

52.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

53.     Moreover, Plaintiff alleges that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and favor of the Class, and against Defendant for:

a)      A declaration that Defendant's practices described herein violate the FDCPA and FCCPA;

b)      An injunction requiring Defendant not to assert or continue to pursue claims where the right to pursue such claims have been sold and/or assigned;

c)      An injunction requiring Defendant to dismiss all pending claims asserted against any member of the class where the right to pursue such claims have been sold and/or assigned;

d)      An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures implemented to avoid asserting claims against any member of the class where the right to pursue such claims have been sold and/or assigned;

e)      An award of actual damages in an amount to be proven at trial;

f)      An award of statutory damages for Plaintiff and each Class member pursuant to the FDCPA and FCCPA in an amount to be determined by the Court;

g)      An order certifying this action to be a proper class action pursuant to Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

h)      Awarding costs of suit and reasonable attorneys' fees; and,

i)      Such further and other relief the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.


Respectfully submitted,

s/ William Peerce Howard
William "Billy" Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Attorneys for Plaintiff